**CLOSED CIVIL CASE**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 09-22657-Civ-Graham/Torres

ARIEL ORTEGA,

      Plaintiff,

vs.

UNITED COLLECTION BUREAU, INC.,

      Defendant.
_____/

**ORDER**

THIS CAUSE having come before the Court upon the Defendant's Motion to Dismiss for Lack of Jurisdiction [D.E. 30], filed on May 28, 2010. On June 24, 2010, Plaintiff filed her Opposition to Defendant's Motion to Dismiss for Lack of Jurisdiction [D.E. 30] and on July 5, 2010, Defendants filed a Reply [D.E. 35].

The Court has considered the Motion and pertinent portions of the record and is otherwise fully advised on the premises.

On September 8, 2009, Plaintiff filed the instant action alleging violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* (the "FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stats., §559.55, *et seq.* (The "FCCPA"), and the Telephone Consumer Protection Act,

47 U.S.C. §227, et seq. ("the TCPA") in attempting to collect an unpaid bill from Plaintiff. The TCPA claim and the claim for Declaratory relief was resolved by Order on May 20, 2010 [D.E. 29]. As a result, only the FCCPA and the FDCPA claims remain.

In the instant motion, Defendant moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Defendant asserts that it has offered to fully satisfy Plaintiff's FDCPA claims thereby rendering those claims moot. Because the FDCPA claims are resolved as a result of the settlement offer, Defendant argues that a dismissal of the remaining claim is appropriate because the Court does not have jurisdiction to hear the FCCPA claim. The Court agrees.

Defendant offered Plaintiff $1,000.00, plus reasonable attorneys' fees and costs to settle Plaintiff's FDCPA claims. Defendant's offer renders Plaintiff's FDCPA claims moot and Plaintiff lacks a personal stake in the suit because Defendant offered to settle Plaintiff's FDCPA claims in their entirety. See Sampaio v. People First Recoveries, LLC, No. 07-CV-22436-UU, 2008 WL 509255, *1 (S.D. Fla. Feb. 19, 2008); Holstein v. City of Chicago, 29 F.3d 1145, 1146 (7th Cir. 1994). Accordingly, Plaintiff's claims under FDCPA are dismissed as

moot.

Moreover, having concluded that Plaintiff's claims under the FDCPA are dismissed as moot, and because Plaintiff's remaining claims under the FCCPA fall under state law, this Court lacks subject matter jurisdiction. Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss for Lack of Jurisdiction [D.E. 30] is **GRANTED**. It is further

**ORDERED AND ADJUDGED** that Plaintiff's FDCPA Claims are **DISMISSED as MOOT**. The Court reserves jurisdiction regarding Plaintiff's reasonable attorney's fees and costs as to these claims. It is further

**ORDERED AND ADJUDGED** that Plaintiff's FCCPA Claims are **DISMISSED without prejudice** to refile those claims in the proper state forum. It is further

**ORDERED AND ADJUDGED** that this case is **CLOSED** for administrative purposes and all pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 7th day of July, 2010.

_____
DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record