UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 09-22657-CIV-GRAHAM/TORRES

ARIEL ORTEGA,

    Plaintiff,
vs.

UNITED COLLECTION BUREAU, INC.,

    Defendant.
_____/

### ORDER

**THIS CAUSE** came before the Court upon Plaintiff's Motion to Set Aside Order Granting Partial Summary Judgement [D.E. 37].

**THE COURT** has considered the Motion, the pertinent portions of the record, and is otherwise fully advised in the premises.

On May 20, 2010, this Court granted Defendant's Motion for Partial Summary Judgment on Counts VI and VII regarding Plaintiff's claims under the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA") [D.E. 20]. Subsequently, on July 7, 2010, this Court dismissed Plaintiff's remaining claims under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and the Florida Consumer Collections Practices Act, Fla. Stat. §559.55 et seq. ("FCCPA"), for lack of jurisdiction. The Court found that the FDCPA claim, the sole basis for federal jurisdiction, was moot upon Defendant's settlement offer on November 5, 2009.

Plaintiff asserts that this Court's Order on Partial Summary Judgment should be vacated due to lack of jurisdiction.

Specifically, Plaintiff argues that if this Court's jurisdiction divested on November 5, 2009, with the settlement offer, then the Court lacked jurisdiction on May 20, 2010, the date of the Court's order on the TCPA claim. The Court agrees.

Generally, a cause of action created by a federal law will properly be brought in the district courts. International Science & Tech. Inst., Inc. v. Inacom Comm., Inc., 106 F.3d 1146, 1154 (4th Cir. 1997). However, it is clear that state courts, and not federal courts, have exclusive subject matter jurisdiction over private actions under the TCPA. Nicholson v. Hooters of Augusta, Inc., 136 F.3d 1287, 1289 (11th Cir. 1998). The Court notes that while the offer of settlement was made on November 5, 2009, the Court was not aware of the offer and resulting lack of subject matter jurisdiction, until May 28, 2010. The Court agrees that at the time of its ruling on Defendant's Motion for Partial Summary Judgment, the Court lacked jurisdiction to consider the merits of the case. See, University of South Alabama v. American Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Set Aside Order Granting Partial Summary Judgement [D.E. 37] is **GRANTED**. It is further

**ORDERED AND ADJUDGED** that the Court hereby **VACATES** its Order [D.E. 29] granting partial summary judgment in favor of Defendant.

It is further,

**ORDERED AND ADJUDGED** that this case is dismissed for lack of subject matter jurisdiction as directed in the Court's Order dated May 20, 2010 [D.E. 29].

**DONE AND ORDERED** in Chambers at Miami, Florida, this 4th day of September, 2010.

DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record